UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-22656-CIV-LENARD/GARBER

RESIDENCES AT OCEAN
GRANDE, INC.

    Plaintiff,

v.

ALLIANZ GLOBAL RISKS
US INSURANCE COMPANY

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court by Order of Reference from U.S. District Judge Joan A. Lenard.  Pursuant to such reference, the Court has received plaintiff Residences at Ocean Grande's Motion for Summary Judgment on Defendant's Sixth Affirmative Defense [DE 29], defendant Allianz Global Risks Insurance's Response in Opposition [DE 34], Ocean Grande's Reply [DE 36], and has held a hearing on the matter.  After due consideration, and based entirely on the contents of the contract, the Court respectfully recommends that Ocean Grande's Motion be DENIED.  The Court expresses no opinion on whether, and the extent to which, Ocean Grande's claim is affected by Allianz's Sixth Defense.

## DISCUSSION

The Court is confronted with a simple matter of contract interpretation.  Ocean Grande and Allianz entered into a contract to insure the construction of a condominium building.  Within that

contract is a provision that disclaims coverage for any damage resulting from fungi. The parties dispute the provision's effect. Ocean Grande argues that the provision is limited to fungi arising before October 9, 2002. Allianz disagrees and bases its Sixth Affirmative defense on the contention that the provision disclaims liability for all fungus-related damages.

To resolve the dispute, the Court must answer two related questions: (1) is the provision ambiguous, and (2) if it is unambiguous, what does it mean. Each of these is a question of law that may be disposed of by summary judgment.[1]

The debated contract provision states in full:

A. Exclusion:
Notwithstanding any terms or conditions, this Policy does not insure against:
1.  Any cost or expense incurred to clean up, remove or remediate any Fungi, or
2.  Any cost or expense incurred to test for, monitor, or assess the existence, concentration or effects of Fungi.

B. Definition:
1. For the purpose of this Endorsement, Fungi shall mean any form of fungus, including but not limited to, yeast, mold, mildew, rust, smut, mushroom, spores, mycotoxins, odors or any other substances, products, or byproducts produced by, released by, or arising out of the current or past presence of Fungi.

Ocean Grande argues that the definition's last clause, "produced by, released by, or arising out of the current or past presence of Fungi," modifies "any form of fungus." Thus, Ocean Grande argues, the fungi exclusion is limited to fungi that existed when, or before, the contract was signed, i.e., before construction started on the building. Because an ambiguous contract is interpreted against the drafter, Ocean Grande hastens to add that even if its interpretation of the exclusion

---

[1] Orkin Exterminating Co., Inc. v. Federal Trade Commission, 849 F.2d 1354, 1360 (11th Cir. 1988) (finding that the legal consequence of an unambiguous contract is a question of law, and that the question of whether a contract is ambiguous is also a question of law that may be disposed of summarily).

provision is not the sole meaning, the fact that the meaning is debatable is sufficient for Ocean Grande to prevail. Ocean Grande's reading of the law is correct.[2] Its reading of the contract, however, is incorrect.

For the Court to find ambiguity, the provision must be susceptible to more than one reasonable interpretation.[3] If the provision is clear, the Court should not strive to find it unclear.[4] And the mere presence of a dispute, by itself, should not convince the Court that genuine ambiguity exists.[5]

The provision is unambiguous: The definition states "Fungi shall mean any form of fungus" and then gives a non-exhaustive list of examples. Ocean Grande's alternative interpretation is unreasonable. Under it, the definition would instead state "Fungi shall mean any form of fungus [non-exhaustive list] arising out of the current or past presence of Fungi." But read this way, the last items listed are "or any other substance, products or byproducts." This is incoherent for two reasons. First, it makes no sense to create a list and end it with an item that is equivalent to "everything else." Second, "products and byproducts" require a referent. They are meaningless without one, and they do not have one with Ocean Grande's interpretation. Ocean Grande's alternative interpretation renders the provision incoherent and is therefore unreasonable. Thus, the provision is unambiguous because it does not support multiple reasonable interpretations.

---

[2] Sphinx Int'l, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburg, 412 F.3d 1224, 1228 (11th Cir. 2005) (citing Swire Pac. Holding, Inc. v. Zurich, Ins. Co., 845 So.2d 161, 165 (Fla. 2003)).

[3] Id.

[4] Id.

[5] Orkin, 849 F.2d at 1360.

A direct reading of the disputed provision convinces the Court that the exclusion applies to all forms of fungi, including those byproducts that arise from fungi. Accordingly, as Allianz's Sixth Defense rests on an accurate reading of the contract, the Court recommends that Ocean Grande's Motion for Summary Judgment on Allianz's Sixth Defense be denied.

### CONCLUSION AND RECOMMENDATION

For the reasons set forth above and based upon the Court's review of the record, and considerations of the submissions of the parties, the undersigned respectfully

RECOMMENDS that the plaintiff Ocean Grande's Motion for Summary Judgment as to Defendant's Sixth Affirmative Defense be DENIED.

The parties have ten days from the date of this Report and Recommendation within which to file written objections, if any, with the U.S. District Judge Joan A. Lenard.[6] Failure to file timely objections may bar the parties from attacking on appeal the factual findings contained herein.[7]

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 3rd day of June, 2008.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE

---

[6]See 28 U.S.C. § 636 (1991).

[7]LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988).